** Summary **
WATER RESOURCES BOARD AUTHORITY TO ESTABLISH RESTRICTIONS UNDER PERMITS GRANTED The Oklahoma Water Resources Board has the authority to establish time restrictions on the use of water under a validly granted permit to use appropriated or unappropriated waters within the State. The Attorney General has considered your request for an opinion based on the following facts you outlined: "The Water Resources Board surveys of several streams have indicated there are unappropriated waters available, however, certain conditions or restrictions are necessary to protect existing beneficial uses and rights. "The Board's hydrological analysis indicates that the peak demand imposed on the stream by existing rights coincides with the annual period of lowest stream flow. Prior to or after the normal irrigation system there is water available which could be used for off season irrigation, or which could be pumped to storage for use at a later date, without interference to existing rights. Recognizing this the Board has placed restrictions on a number of streams which restricts diversion during the Summer. "In reviewing new applications on such streams the Board has not generally reduced the amount of water requested, but has imposed limitations upon the time of the year during which it can be taken with exceptions granted if higher than normal flows occur. The Board has been questioned on their authority to impose such restrictions." Based on those facts you then, in effect, ask the following question: "Under the above facts, does the Water Resources Board have the authority to impose restrictions on the time of year that water may be utilized under a permit granted by the Board?" The 1972 Session of the Oklahoma Legislature revised those sections of the statute dealing with the granting of permits by the Oklahoma Water Resources Board. The new statutes applicable to this opinion are 82 O.S. 105 [82-105] (1972). 12, 105.13 and 105.14 replacing former statutes 82 O.S. 24 [82-24] and 82 O.S. 25 [82-25] (1971). Title 82 O.S. 105.12 [82-105.12] (1972) provides as follows: "After the hearing on the application the Board shall determine from the evidence presented whether: "1. There is unappropriated water available in the amount applied for; "2. The applicant has a present or future need for the water and the use to which applicant intends to put the water is a beneficial use; and "3. The proposed use does not interfere with domestic or existing appropriative uses. "4. In the granting of water rights for the transportation of water for use outside the stream system wherein water originates, applicants within such stream system shall have a right to all of the water required to adequately supply the beneficial needs of the water users therein. The Board shall review the needs within such areas of origin every five (5) years. "If so determined, the Board shall approve the application by issuing a permit to appropriate water. The permit shall state the time within which the water shall be applied to beneficial use. In the absence of appeal as provided by this act, the decision of the Board shall be final." Title 82 O.S. 105.13 [82-105.13] (1972) provides as follows: "The Board is authorized to issue, in addition to regular permits, seasonal, temporary or term permits at any time it finds such issuance will not impair or interfere with domestic uses or existing rights of prior appropriations and may do so even where it finds no unappropriated water is available for a regular permit. All seasonal, temporary and term permits shall contain a provision making them subject to all rights of prior appropriators. If any such permit is for water impounded in any works for storage, diversion or carriage of water, the applicant must comply with the provisions of Section 21." Title 82 O.S. 105.14 [82-105.14] (1972), in pertinent part provides: "If, in the opinion of the Board, the applicant fails to establish the three requirements of Section 12, it shall reject the application. It shall notify the applicant of the rejection and the reason for its action. In the absence of appeal as provided by this act, the decision of the Board shall be final. "If the Board denies a permit on the basis that there is no unappropriated water available in the amount applied for but finds that the other requirements were complied with, the applicant may file an amended application and apply for a lesser amount . . . Upon receipt of the amended application, the Board shall approve the application for the lesser amount at its next regularly scheduled meeting if such amount is sufficient . . . ." As indicated, these statutes are the replacement statutes for 82 O.S. 24 [82-24] and 82 O.S. 25 [82-25] (1971) which was the previous guidance for the Oklahoma Water Resources Board in their granting or denying of applications. This office formerly issued Opinion No. 71-280 construing 82 O.S. 24 [82-24] and 82 O.S. 25 [82-25]. That opinion approved the Board's action in issuing temporary or term permits on unappropriated-waters within the State of Oklahoma. In so approving the action of the Board this office stated as applicable here, at page 8 of the opinion: "Concerning specifically the powers of the Oklahoma Water Resources Board to control 'unappropriated public waters' and the relationship of the United States and their powers concerning waters within the State is found in the case of Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District, Okla., 464 P.2d 748, where the court stated: " 'The State is without authority to transfer one man's property to another, but its power to control unappropriated public waters is plenary . . . .' "Therefore, it appears clear that by statute as well as findings of the court that the Oklahoma Water Resources Board has total power to control unappropriated public waters." The enactment of 82 O.S. 105.12 [82-105.12] and 82 O.S. 105.14 [82-105.14] (1972) do not affect this opinion and the same rule of law would still apply concerning the issuance of temporary or term permits on unappropriated waters. Subsequent to this opinion and the enactment of 82 O.S. 105.12 [82-105.12] through 82 O.S. 105.14 [82-105.14] this office was called on to answer the question of whether or not these new sections provided the power in the Oklahoma Water Resources Board to issue temporary or term permits on water even though it had all been appropriated but was not being used. In opinion No. 72-248 this office answered that question in the affirmative and in doing so pointed out that 82 O.S. 105.13 [82-105.13] (1972) provided clearly for the issuance of "regular permits, seasonal, temporary or term permits on all waters whether appropriated or not as long as they did not interfere with domestic uses or existing rights of prior appropriators." This statute deleted the rejection phrase which was contained in previous statute 82 O.S. 25 [82-25] (1971). It was apparent then, as it remains now the opinion of this office, that the Legislature intended to expand the authority of the Oklahoma Water Resources Board in granting temporary permits so that all water could be utilized even though it had been appropriated subject only to the rights of the appropriator. In this opinion the question is whether under a permit the use of the water may be limited to use only during certain times of the year. Once again, we must revert to the established canons of statutory construction in order to determine the intent of the Legislature with particular emphasis to the extent of powers the Legislature intends to confer upon the Board. It must be remembered, that the Board can only act in such a manner as is directed by the legislative authority, unless, there are implied powers granted to the Board within the wording of those statutes. It is, of course, well established that in addition to the powers expressly given by the statute to a Board, that Board has by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted. Oklahoma Tax Commission, et al. v. Fortinberry Company, Inc., et al., Okl., 207 P.2d 301. Title 82 O.S. 105.12 [82-105.12] (1972) expressly provides that certain conditions must exist in order for an applicant to obtain a permit for water rights. Title 82 O.S. 105.13 [82-105.13] (1972) expressly provides for seasonal, temporary and term permits. Title 82 O.S. 105.14 [82-105.14] (1972) provides that if an applicant fails to establish himself under the three requirements of Section 82 O.S. 105.12 [82-105.12] then that application shall be rejected. Further, that section indicates that if the Board finds there is no unappropriated water available in the amount applied for but finds that the other requirements were complied with, the applicant may file an amended application and apply for a lesser amount of water. This particular portion of the statute clearly grants great latitude to the Board in their determination of water rights applications. The Legislature clearly expanded the duties, responsibilities, and powers of the Oklahoma Water Resources Board while repealing the former sections dealing with permits and replacing them totally with new enactments which have been set forth earlier in this opinion. This expansion of the power of the Oklahoma Water Resources Board coupled with the Oklahoma Supreme Court's pronouncement in The Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District, supra, that the Water Board's power is plenary in dealing with public waters can lead to no other conclusion but to approve the Board's power to limit the use of water on a seasonal basis under a permit that has earlier been granted to a qualified applicant. The remaining consideration would be whether under the newly enacted law there would be a conflict with those statutes and other statutory provisions which would limit the power of the Board. A further statute that would have a bearing on this question is 82 O.S. 105.21 [82-105.21] (1972) which was a replacement statute for old 82 O.S. 101 [82-101] dealing with surplus water. Title 82 O.S. 105.21 [82-105.21] provides: "The owner of any works with a storage, diversion or carriage of water, which contain water in excess of his needs for irrigation or other beneficial use for which it has been appropriated, shall be required to deliver such surplus, at reasonable rates for storage or carriage, or both, as the case may be, to the parties entitled to the use of the water for beneficial purposes. In case of the refusal of such owner to deliver any such surplus water at reasonable rates as determined by the Board, he may be compelled to do so by the district court for the county in which the surplus water is to be used." This statute has to do with the established ownership of water works for storage, diversion or carriage of water. In this regard, it is clear the Legislature intended that any surplus water from such a "water works" would be available to those needing and desiring that surplus water. Furthermore, the Legislature specifically directed that the district court in the county in which the surplus water was to be used would have the superintending authority and decision making power over controversies involving such surplus water. Therefore, there appears to be no conflict between surplus water and water granted under permit for use at certain times of the year. In conclusion, it appears that the general rule of construction to be given statutes in the State of Oklahoma is appropriate here in that the plain, clear and unambiguous language of the statutes indicates that the Oklahoma Water Resources Board is empowered through legislative enactment to place time limitation on the use of water under an otherwise valid permit issued by the Oklahoma Water Resources Board. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that the Oklahoma Water Resources Board has the authority to establish time restrictions on the use of water under a validly granted permit to use appropriated or unappropriated waters within the State. (Robert H. Mitchell)